IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>[1] CHRISTOPHER E. HERNANDEZ, a/k/a/ "Chris,"<br>(Counts One through Twelve);<br>[2] FRELLIN TORRES DE JESUS, a/k/a/ "Baby-dicis-Baby,"<br>(Counts One, Seven, and Eight);<br>[3] ANGEL JAVIER MORALES MEDINA, a/k/a "A&A,"<br>(Counts One through Twelve);<br>[4] ISANDER YADIEL SULLIVAN HERNANDEZ a/k/a "Bori,"<br>(Counts One and Seven);<br><br>Defendants. | INDICTMENT<br><br>CRIMINAL NO. 25-432 (CVR)<br><br>CRIMINAL VIOLATIONS:<br><br>Count One: 18 U.S.C. §§ 371 and 1708<br><br>Count Two through Six: 18 U.S.C. § 1708<br><br>Count Seven: 18 U.S.C. §§ 1349 and 1344<br><br>Counts Eight through Twelve: 18 U.S.C. § 1344<br><br>TWELVE COUNTS & FORFEITURE ALLEGATIONS |

## INDICTMENT

THE GRAND JURY CHARGES:

At all times material to this Indictment:

### GENERAL ALLEGATIONS

1. [1] CHRISTOPHER E. HERNANDEZ, a/k/a/ "Chris," was a resident of Puerto Rico.

2. [2] FRELLIN TORRES DE JESUS, a/k/a/ "Baby-dicis-Baby," was a resident of Puerto Rico.

3. [3] ANGEL JAVIER MORALES MEDINA, a/k/a "A&A," was a resident of Puerto Rico.

4. [4] ISANDER YADIEL SULLIVAN HERNANDEZ, a/k/a "Bori," was a resident of Puerto Rico.

INDICTMENT
United States v. Christopher E. Hernandez, et al.
Page 2

5. The United States Postal Service ("USPS") was an independent establishment of the Executive Branch of the Government of the United States and operated in a business-like way. 39 U.S.C. § 201.

6. The USPS had as its basic function the obligation to provide postal services to bind the nation together through the personal, educational, literary, and business correspondence of the people providing prompt, reliable, and efficient services to patrons in all areas and rendered postal services to all communities. 39 U.S.C. § 101(a).

7. Financial Institution A was a financial institution as defined by 18 U.S.C. § 20(1), insured by the Federal Deposit Insurance Corporation (FDIC), and headquartered in San Juan, Puerto Rico.

8. Account number XXXXXX3037 at Financial Institution A was opened under the name of VICTIM A.

9. Account number XXXXXX1782 at Financial Institution A was opened under the name of VICTIM B.

10. Account number XXXXXX3101 at Financial Institution A was opened under the name of VICTIM C.

11. Financial Institution B was a financial institution as defined by 18 U.S.C. § 20(1), insured by the Federal Deposit Insurance Corporation (FDIC), and headquartered in San Juan, Puerto Rico.

12. Account number XXXXXX2832 at Financial Institution B was opened under the name of VICTIM D.

13. Account number XXXXXX2423 at Financial Institution B was opened under the name of VICTIM ENTITY A.

14. Account number XXXXXX2422 at Financial Institution A was opened under the name of INDIVIDUAL 1.

INDICTMENT
United States v. Christopher E. Hernandez, et al.
Page 3

15.  Account number XXXXXX3383 at Financial Institution B was opened under the name of INDIVIDUAL 2.

16.  Account number XXXXXX1218 at Financial Institution A was opened under the name of INDIVIDUAL 3.

17.  Account number XXXXXX1183 at Financial Institution A was opened under the name of INDIVIDUAL 4.

## COUNT ONE
### Conspiracy to Receive and Possess Stolen Mail Matters
(Title 18, United States Code, Sections 371 and 1708)

1.  The General Allegations of this Indictment are hereby re-alleged and fully incorporated herein.

2.  Beginning in or about December 2022 through in or about March 2023, in the District of Puerto Rico and within the jurisdiction of this Court,

[1] CHRISTOPHER E. HERNANDEZ,
[2] FRELLIN TORRES DE JESUS,
[3] ANGEL JAVIER MORALES MEDINA,
[4] ISANDER YADIEL SULLIVAN HERNANDEZ,

the defendants, and others known and unknown to the Grand Jury, did willfully and knowingly combine, conspire, confederate, and agree together and with each other and others, known and unknown to the grand jury, to receive and unlawfully possess any letter, mail, and any thing contained therein, which was so stolen, taken, and abstracted from and out of any letter box, mail receptacle and other authorized depository for mail matter, knowing the same to have been stolen, taken and abstracted, as described more fully below:

INDICTMENT
United States v. Christopher E. Hernandez, et al.
Page 4

## OBJECT OF THE CONSPIRACY

3. It was a part and an object of the conspiracy that the defendants did receive and unlawfully possess any letter, mail, and any thing contained therein, which was so stolen, taken, and abstracted from and out of any letter box, mail receptacle and other authorized depository for mail matter, knowing the same to have been stolen, taken and abstracted, to wit: checks that were altered to change the payee information and the amount of the check for subsequent electronic deposit into bank accounts in the names of INDIVIDUALS 1, 2, 3, or 4.

## MANNER AND MEANS OF THE CONSPIRACY

4. The manner and means utilized to accomplish the object of the conspiracy included, among others, the following:

5. It was a part of the conspiracy that the defendants knowingly and willfully had in their possession U.S. mail and letters containing checks that had been stolen, taken and abstracted from collection mailboxes located in the municipalities of Trujillo Alto, San Juan, Carolina, and Canóvanas, Puerto Rico.

6. It was further a part of the conspiracy that some defendants recruited INDIVIDUAL 1, INDIVIDUAL 2, INDIVIDUAL 3, and INDIVIDUAL 4, to utilize their valid bank checking account information to negotiate the illegally altered checks in exchange for a monetary commission.

7. It was further a part of the conspiracy that the stolen checks were altered by changing the payee and the payable amount information and then fraudulently negotiated and electronically deposited into INDIVIDUAL 1, INDIVIDUAL 2, INDIVIDUAL 3, and INDIVIDUAL 4's bank accounts.

INDICTMENT
United States v. Christopher E. Hernandez, et al.
Page 5

8. It was further a part of the conspiracy that INDIVIDUAL 1, INDIVIDUAL 2, INDIVIDUAL 3, and INDIVIDUAL 4 later withdrew the money illegally deposited into their bank accounts, retained a commission, and gave the remaining stolen proceeds to the defendant [3] ANGEL JAVIER MORALES MEDINA.

9. It was further a part of the conspiracy that the defendants communicated using coded messages through their private cellular numbers.

## OVERT ACTS

10. In furtherance of the conspiracy and to affect the object of the conspiracy, individually and together, the defendants committed the following overt acts, among others:

| Date (On or about) | Overt Acts Description |
|---|---|
| December 8, 2022 | Unlawfully possessed and received a stolen letter from VICTIM A containing Check No. 0568. |
| December 28, 2022 | Unlawfully possessed and received a letter from VICTIM B containing Check No. 2815. |
| February 6, 2023 | Unlawfully possessed and received a stolen letter from VICTIM C containing Check No. 4883. |
| February 28, 2023 | Unlawfully possessed and received a stolen letter from VICTIM D containing Check No. 0100. |
| March 9, 2023 | Unlawfully possessed and received a stolen letter from VICTIM ENTITY A containing Check No. 1085. |

## COUNTS TWO THROUGH SIX
Possession and Receipt of Stolen Mail Matter
(Title 18, United States Code, Sections 1708 and 2)

1. The General Allegations of this Indictment are hereby re-alleged and fully incorporated herein.

INDICTMENT
United States v. Christopher E. Hernandez, et al.
Page 6

2. On or about the dates set forth below, in the District of Puerto Rico and elsewhere within the jurisdiction of the court, the defendants, as set forth below, aiding and abetting each other and others known and unknown to the Grand Jury, did unlawfully possess and receive stolen mail and letters, and any article and thing contained therein, as described below, having those items been stolen and taken from a letter box, mail receptacle and authorized depository for mail, knowing said items to have been so stolen and taken.

| Count | Defendants | Check Date | Check No. | Issuer | Issuing Account No. |
|---|---|---|---|---|---|
| TWO | [1] CHRISTOPHER E. HERNANDEZ, [3] ANGEL JAVIER MORALES MEDINA, | 12/08/2022 | 0568 | VICTIM A | XXXXXX3037 |
| THREE | [1] CHRISTOPHER E. HERNANDEZ, [3] ANGEL JAVIER MORALES MEDINA, | 12/28/2022 | 2815 | VICTIM B | XXXXXX2423 |
| FOUR | [1] CHRISTOPHER E. HERNANDEZ, [3] ANGEL JAVIER MORALES MEDINA, | 02/05/2023 | 4883 | VICTIM C | XXXXXX3101 |
| FIVE | [1] CHRISTOPHER E. HERNANDEZ, [3] ANGEL JAVIER MORALES MEDINA, | 02/27/2023 | 0100 | VICTIM D | XXXXXX4731 |
| SIX | [1] CHRISTOPHER E. HERNANDEZ, [3] ANGEL JAVIER MORALES MEDINA, | 03/07/2023 | 1085 | VICTIM ENTITY A | XXXXXX2832 |

Each Count a separate violation of Title 18, United States Code, Sections 1708 and 2.

INDICTMENT
United States v. Christopher E. Hernandez, et al.
Page 7

## COUNT SEVEN
### Conspiracy to Commit Bank Fraud
(Title 18, United States Code, Sections 1349 and 1344)

1. The General Allegations, as well as the Manner and Means and Overt Acts of Count One of this Indictment are hereby re-alleged and fully incorporated herein.

2. On or about each of the dates set forth below, in the District of Puerto Rico and within the jurisdiction of this Court,

[1] CHRISTOPHER E. HERNANDEZ,
[2] FRELLIN TORRES DE JESUS,
[3] ANGEL JAVIER MORALES MEDINA,
[4] ISANDER YADIEL SULLIVAN HERNANDEZ,

the defendants, and others known and unknown to the Grand Jury, did willfully and knowingly combine, conspire, confederate, and agree together and with each other and others, known and unknown to the grand jury, to execute a scheme and artifice to defraud financial institutions as defined in 18 U.S.C. § 20(1) (hereafter "financial institutions") and to obtain moneys owned by and under the custody of those financial institutions by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

### OBJECT OF THE CONSPIRACY

3. It was the object of the conspiracy for defendants and coconspirators to unlawfully enrich themselves by possessing and negotiating altered checks stolen from the U.S. Mail by changing the payee information and the check amount and fraudulently electronically depositing the altered checks into bank accounts, for the funds to be subsequently withdrawn in cash.

### MANNER AND MEANS OF THE CONSPIRACY

4. The manner and means utilized to accomplish the object of the conspiracy included, among others, the following:

Case 3:25-cr-00432-CVR   Document 3   Filed 10/23/25   Page 8 of 12

INDICTMENT
United States v. Christopher E. Hernandez, et al.
Page 8

5. It was a part of the bank fraud conspiracy that the defendants participated in a scheme to obtain U.S. mail and letters that had been stolen, taken, abstracted from a mail receptacle and authorized depository for mail matter, and such U.S. Mail and letters contained checks not payable to them.

6. It was further a part of the conspiracy that co-conspirators extracted letters from the USPS collection boxes in a method known as "mail fishing," which consisted of constructing a makeshift "fishing line"—often a plastic bottle covered with a sticky solution, that is tied to a string or line, that is lowered into a blue USPS collection box to "fish out" envelopes that have been dropped inside.

7. It was further a part of the conspiracy that the stolen or "fished-out" U.S. Mail and letters were examined to identify those containing personal checks.

8. It was further a part of the conspiracy that the defendants [3] ANGEL JAVIER MORALES MEDINA and [4] ISANDER YADIEL SULLIVAN HERNANDEZ recruited INDIVIDUAL 1, INDIVIDUAL 2, INDIVIDUAL 3, INDIVIDUAL 4, and other persons known and unknown to the Grand Jury, through acquaintances, social media platform and a social networking service, to utilize their valid customer bank accounts to negotiate the stolen and altered checks.

9. It was further a part of the conspiracy that the defendants [3] ANGEL JAVIER MORALES MEDINA and [4] ISANDER YADIEL SULLIVAN HERNANDEZ obtained the information for the bank accounts used in the conspiracy and then informed defendants [1] CHRISTOPHER E. HERNANDEZ and [2] FRELLIN TORRES DE JESUS through WhatsApp multiplatform interstate messaging service application, so that the fraudulent checks could be deposited.

Case 3:25-cr-00432-CVR   Document 3   Filed 10/23/25   Page 9 of 12

INDICTMENT
United States v. Christopher E. Hernandez, et al.
Page 9

10. It was further a part of the conspiracy that once the defendants [1] CHRISTOPHER E. HERNANDEZ and [2] FRELLIN TORRES DE JESUS, obtained the information for bank accounts, the fraudulent online deposits of the altered checks were made.

11. It was further a part of the conspiracy that once the defendants [1] CHRISTOPHER E. HERNANDEZ and [2] FRELLIN TORRES DE JESUS, received confirmation of the online deposit into the bank accounts, INDIVIDUAL 1, INDIVIDUAL 2, INDIVIDUAL 3, or INDIVIDUAL 4, and other persons known and unknown to the Grand Jury, were directed to withdraw the funds from the financial institution, within one day.

12. It was further a part of the conspiracy that INDIVIDUAL 1, INDIVIDUAL 2, INDIVIDUAL 3, or INDIVIDUAL 4, and other persons known and unknown to the Grand Jury, withdrew the amount of funds as directed by [3] ANGEL JAVIER MORALES MEDINA, through various means, including bank drive-thru tellers, ATMs, or bank tellers.

13. It was further a part of the conspiracy that INDIVIDUAL 1, INDIVIDUAL 2, INDIVIDUAL 3, or INDIVIDUAL 4 withdrew cash from the fraudulent online deposits and subsequently provided the cash to [3] ANGEL JAVIER MORALES MEDINA.

All in violation of Title 18, United States Code, Sections 1349 and 1344.

## COUNTS EIGHT THROUGH TWELVE
Bank Fraud
(Title 18, United States Code, Sections 1344 and 2)

1. On or about the dates set below, in the District of Puerto Rico and elsewhere within the jurisdiction of the court, defendants, as set forth below, together with persons known and unknown to the Grand Jury, devised and executed, and aided and abetted each other in devising and executing, a scheme to obtain moneys owned by VICTIMS A, B, C, and D, and VICTIM Entity A, and in the custody and control of Financial Institution A and Financial Institution B, the deposits

INDICTMENT
United States v. Christopher E. Hernandez, et al.
Page 10

of which were insured by the Federal Deposit Insurance Corporation, by means of material false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Sections 1344 and 2.

| COUNT | DEFENDANTS | DATE (ON OR ABOUT) | BANK FRAUD DESCRIPTION |
|---|---|---|---|
| EIGHT | [1] CHRISTOPHER E. HERNANDEZ, [2] FRELLIN TORRES DE JESUS, [3] ANGEL JAVIER MORALES MEDINA, | December 8, 2022 | executed a scheme and artifice to obtain moneys, funds, credits, or other property owned by VICTIM A, and under the custody and control of Financial Institution A, that is, account number ******3037, Check No. 0568 in the amount of $300.00 and by means of false and fraudulent pretenses forged the payee information and altered the check amount to $7,330.00 and fraudulently deposited it into a bank account belonging to Individual 1. |
| NINE | [1] CHRISTOPHER E. HERNANDEZ [3] ANGEL JAVIER MORALES MEDINA, | December 28, 2022 | executed a scheme and artifice to obtain moneys, funds, credits, or other property owned by VICTIM B, and under the custody and control of Financial Institution B, that is, account number ******2423, Check No. 2815 in the amount of $93.95 and by means of false and fraudulent pretenses forged the payee information and altered the check amount to $6,880.00 and fraudulently deposited it into bank account belonging to Individual 4. |
| TEN | [1] CHRISTOPHER E. HERNANDEZ [3] ANGEL JAVIER MORALES MEDINA, | February 5, 2023 | executed a scheme and artifice to obtain moneys, funds, credits, or other property owned by VICTIM C, and under the custody and control of Financial Institution A, that is account number ******3101, Check No. 4883 in the amount of $142.68 and by means of false and fraudulent pretenses forged the payee information and altered the check amount to $7,268.00 and fraudulently deposited it into a bank account belonging to Individual 3. |
| ELEVEN | [1] CHRISTOPHER E. HERNANDEZ [3] ANGEL JAVIER MORALES MEDINA, | February 27, 2023 | executed a scheme and artifice to obtain moneys, funds, credits, or other property owned by VICTIM D, and under the custody and control of Financial Institution A, that is account number ******4731, Check No. 0100 in the amount of $3,500.00 and by means of false and fraudulent pretenses forged the payee |

Case 3:25-cr-00432-CVR   Document 3   Filed 10/23/25   Page 11 of 12

INDICTMENT
United States v. Christopher E. Hernandez, et al.
Page 11

| COUNT | DEFENDANTS | DATE (ON OR ABOUT) | BANK FRAUD DESCRIPTION |
|---|---|---|---|
| | | | information and altered the check amount to $5,300.00 and fraudulently deposited it into a bank account belonging to Individual 2. |
| TWELVE | [1] CHRISTOPHER E. HERNANDEZ [3] ANGEL JAVIER MORALES MEDINA, | March 9, 2023 | executed a scheme and artifice to obtain moneys, funds, credits, or other property owned by VICTIM Entity A, and under the custody and control of Financial Institution B, that is account number ******2832, Check No. 1085 in the amount of $99.00 and by means of false and fraudulent pretenses forged the payee information and altered the check amount to $5,382.00 and fraudulently deposited it into a bank account belonging to Individual 2. |

All in violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION

1. The allegations contained in Counts One through Twelve of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Sections 2461(c).

2. The United States gives notice to all defendants, that upon conviction for the offense in violation of Title 18, United States Code, Section 1344, the court shall order that the defendants forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of such violations pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The defendant is notified that: upon conviction, a money judgement may be imposed equal to the total value of the property subject to forfeiture.

3. The defendant is notified that if property subject to forfeiture because of any act or omission of that defendant,

INDICTMENT
United States v. Christopher E. Hernandez, et al.
Page 12

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Sections 853(p), as incorporated by Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

TRUE BILL

_____
FOREPERSON

W. STEPHEN MULDROW
United States Attorney

_____
Myriam Y. Fernández-González
Assistant United States Attorney
Recovery, Money Laundering &
Transnational Organized Crime Section

_____
María L. Montañez-Concepción
Assistant United States Attorney, Deputy Chief
Asset Recovery, Money Laundering &
Transnational Organized Crime Section

_____
Edwin Caban Jr.
Special Assistant United States Attorney

_____
Tania Y. Salas- De Jesús
Special Assistant United States Attorney